# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| TAITUM MARSHALL, individually and on behalf of all others similarly situated,<br><br>v.<br><br>COCA-COLA CONSOLIDATED, INC. f/k/a COCA-COLA BOTTLING CO. CONSOLIDATED | Case No. __3:22cv-00214__<br>FLSA/VOWA/VPWL Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Like many other companies across the United States, Coca-Cola Consolidated's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2.     That hack led to problems in timekeeping and payroll throughout Coca-Cola Consolidated's organization.

3.     As a result, Coca-Cola Consolidated's workers who were not exempt from overtime under federal and state law were not paid for all hours worked and/or were not paid their proper overtime premium on time, if at all, for all overtime hours worked after the onset of the Kronos hack.

4.     Taitum Marshall is one such Coca-Cola Consolidated worker.

5.     Coca-Cola Consolidated could have easily implemented a system to accurately record time and properly pay non-exempt hourly and salaried employees until issues related to the hack were resolved.

6.     But it didn't. Instead, Coca-Cola Consolidated pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

7. Coca-Cola Consolidated made the economic burden of the Kronos hack fall on front-line workers—average Americans—who rely on the full and timely payment of their wages to make ends meet.

8. After significant delay, Coca-Cola Consolidated made payment of some of these outstanding wages. However, portions of these earned wages remain unpaid.

9. Coca-Cola Consolidated's failure to pay wages, including proper overtime, on time and in full for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

10. Coca-Cola Consolidated's failure to pay wages, including proper overtime, on time and in full for all hours worked to its workers in North Carolina violates the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 95-25.1 *et seq.*

11. Coca-Cola Consolidated's failure to pay wages, including proper overtime, on time and in full for all hours worked to its workers in Virginia violates the Virginia Overtime Wage Act (VOWA), Va. Stat. Ann. § 40.1-29.2 and the Virginia Payment of Wage Law (VPWL), Va. Stat. Ann. § 40.1-29.

12. Marshall brings this lawsuit to recover these unpaid overtime wages and other damages owed by Coca-Cola Consolidated to her and Coca-Cola Consolidated's other non-overtime-exempt workers, who were the ultimate victims of not just the Kronos hack, but Coca-Cola Consolidated's decision to make its own non-exempt employees workers bear the economic burden for the hack.

13. This action seeks to recover the unpaid wages and other damages owed by Coca-Cola Consolidated to all these workers, along with the penalties, interest, and other remedies provided by federal, North Carolina, and Virginia law.

## JURISDICTION & VENUE

14.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15.     The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Coca-Cola Consolidated is headquartered in this District.

## PARTIES

17.     **Plaintiff Taitum Marshall** is a natural person.

18.     Marshall was, at all relevant times, an employee of Coca-Cola Consolidated.

19.     Marshall worked for Coca-Cola Consolidated from October 2017 to March 2022.

20.     During and since December 2021, Marshall performed work for Coca-Cola Consolidated in Virginia.

21.     During and since December 2021, Marshall performed work for Coca-Cola Consolidated in North Carolina.

22.     Marshall represents at least three groups of similarly situated Coca-Cola Consolidated workers.

23.     Marshall represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former non-exempt employees of Coca-Cola Consolidated, who worked in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

24.     Marshall represents a class of similarly situated workers under North Carolina law pursuant to Federal Rule of Civil Procedure 23. This "North Carolina Class" is defined as:

> **All current or former non-exempt employees of Coca-Cola Consolidated who worked in North Carolina at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

25.     Marshall represents a collective of similarly situated workers under Virginia law pursuant to the VOWA and the VWPL, Va. Stat. Ann. § 40.1-29(J). This "Virginia Collective" is defined as:

> **All current or former non-exempt employees of Coca-Cola Consolidated who worked in Virginia at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

26.     Throughout this Complaint, the FLSA Collective members, North Carolina Class members, and Virginia Collective members are referred to jointly as the "Similarly Situated Workers."

27.     **Defendant Coca-Cola Consolidated, Inc. f/k/a Coca-cola Bottling Co. Consolidated ("Coca-Cola Consolidated")** is a foreign corporation.

28.     Coca-Cola Consolidated is headquartered in this District.

29.     Coca-Cola Consolidated's headquarters are located within Mecklenburg County, NC.

30.     Coca-Cola Consolidated may be served by service upon its registered agent, **CT Corporation System, 160 Mine Lake Ct., Ste. 200, Raleigh, NC 27615**, or by any other method allowed by law.

31.     At all relevant times, Coca-Cola Consolidated was an employer of Marshall within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.     At all relevant times, Coca-Cola Consolidated was and is an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33.     Coca-Cola Consolidated was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34.     During at least the last three years, Coca-Cola Consolidated has had gross annual sales in excess of $500,000.

35.     Coca-Cola Consolidated was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

36.     Coca-Cola Consolidated employs many workers, including Marshall, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

37.     The goods and materials handled, sold, or otherwise worked on by Marshall and other Coca-Cola Consolidated employees and that have been moved in interstate commerce include, but are not limited to, beverages and manufacturing equipment.

## FACTS

38.     Coca-Cola Consolidated is the largest Coca-Cola bottler in the United States. Coca-Cola Consolidated, https://www.cokeconsolidated.com (last visited May 10, 2022).

39.     Coca-Cola Consolidated operates in the Southeast, Midwest, and Mid-Atlantic regions. Coca-Cola Consolidated, https://www.cokeconsolidated.com (last visited May 10, 2022).

40.     Coca-Cola Consolidated operates within 14 states. Coca-Cola Consolidated, About Us, https://www.cokeconsolidated.com/products-and-service-area (last visited May 10, 2022).

41.     Coca-Cola Consolidated operates 11 manufacturing facilities. Coca-Cola Consolidated, About Us, https://www.cokeconsolidated.com/products-and-service-area (last visited May 10, 2022).

42.     Coca-Cola Consolidated operates 60 distribution and sales centers. Coca-Cola Consolidated, About Us, https://www.cokeconsolidated.com/products-and-service-area (last visited May 10, 2022).

43.     Many of Coca-Cola Consolidated's employees are non-exempt hourly and salaried workers.

44.     Since at least 2021, Coca-Cola Consolidated has used timekeeping software and hardware operated and maintained by Kronos.

45.     On or about December 11, 2021, Kronos was hacked with ransomware.

46.     The Kronos hack interfered with the ability of its customers, including Coca-Cola Consolidated, to use Kronos's software and hardware to track hours and pay employees.

47.     For at least a portion of time following the Kronos hack, Coca-Cola Consolidated failed to keep accurate track of the hours that Marshall and Similarly Situated Workers worked.

48.     Instead, Coca-Cola Consolidated has used various methods to estimate the number of hours Marshall and Similarly Situated Workers work in each pay period.

49.     For example, Coca-Cola Consolidated issued paychecks based on scheduled hours or estimated hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

50.     As a result of Coca-Cola Consolidated's failure to accurately track the actual hours worked each week, employees who were non-exempt and worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

51.     Many employees were not even paid for all their non-overtime wages for hours worked in certain workweeks.

52.     Marshall is one of the thousands of employees affected by these pay and timekeeping practices.

53.     Instead of paying Marshall for the hours she actually worked (including overtime hours), Coca-Cola Consolidated simply paid based on estimates of time or pay, or based upon arbitrary considerations **other than** Marshall's actual hours worked and regular pay rates, in multiple workweeks.

54.     In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other factors allowed under the law.

55.     Coca-Cola Consolidated knows it has to pay proper overtime premiums to non-exempt hourly and salaried employees.

56. Coca-Cola Consolidated knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

57. Coca-Cola Consolidated could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

58. Instead of accurately tracking hours and paying employees their overtime, Coca-Cola Consolidated decided to arbitrarily pay these employees, without regard to the overtime hours they worked or the regular rates at which they were supposed to be paid.

59. It was feasible for Coca-Cola Consolidated to have its employees and managers report accurate hours so they could be timely paid the full and correct amounts of money they were owed for the work they did for the company.

60. But Coca-Cola Consolidated chose not to do that.

61. In other words, Coca-Cola Consolidated pushed the effects of the Kronos hack onto the backs of its most economically vulnerable workers, making sure that it kept the money it owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

62. Marshall is just one of the many Coca-Cola Consolidated employees who had to shoulder the burden of this decision by Coca-Cola Consolidated.

63. Marshall was a non-exempt hourly employee of Coca-Cola Consolidated.

64. Marshall regularly worked over 40 hours per week for Coca-Cola Consolidated.

65. Marshall's normal, pre-Kronos hack hours are reflected in Coca-Cola Consolidated's records.

66. Since the Kronos hack, Coca-Cola Consolidated has not paid Marshall on time, if at all, for her actual hours worked each week.

67. Since the hack took place, Coca-Cola Consolidated has not been accurately recording the hours worked by Marshall and its other workers.

68. Even when Coca-Cola Consolidated has issued payment to Marshall for any overtime, the overtime is not calculated based on Marshall's regular rates, as required by federal law.

69. Coca-Cola Consolidated was aware of the overtime requirements of the FLSA.

70. Coca-Cola Consolidated nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Marshall.

71. Coca-Cola Consolidated's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

72. The full overtime wages owed to Marshall and the Similarly Situated Workers became "unpaid" when the work for Coca-Cola Consolidated was done—that is, on Marshall and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

73. At the time Coca-Cola Consolidated failed to pay Marshall and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Coca-Cola Consolidated became liable for all prejudcment interest, liquidated damages, penalties, and any other damages owed under the law.

74. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

75. Any payment made by Coca-Cola Consolidated to Marshall or the Similarly Situated Workers that Coca-Cola Consolidated may allege represents previously unpaid wages was not supervised by the Department of Labor or any court.

76. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See, e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

77. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Coca-Cola Consolidated's acts and omissions resulting in the unpaid wages in the first place.

78. Marshall and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Coca-Cola Consolidated under federal, North Carolina, and Virginia law.

## COLLECTIVE ACTION ALLEGATIONS—FLSA

79. Marshall incorporates all other allegations.

80. Numerous individuals were victimized by Coca-Cola Consolidated's patterns, practices, and policies, which are in willful violation of the FLSA.

81. Based on her experiences and tenure with Coca-Cola Consolidated, Marshall is aware that Coca-Cola Consolidated's illegal practices were imposed on the FLSA Collective.

82. The FLSA Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

83.     These employees are victims of Coca-Cola Consolidated's unlawful compensation practices and are similarly situated to Marshall in terms of the pay provisions and employment practices at issue regarding the FLSA Collective.

84.     The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

85.     Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

86.     Coca-Cola Consolidated's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

87.     The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### COLLECTIVE ACTION ALLEGATIONS—VIRGINIA LAW

88.     Marshall incorporates all other allegations.

89.     Numerous individuals were victimized by Coca-Cola Consolidated's patterns, practices, and policies, which are in knowing and willful violation of the VOWA and the VWPL.

90.     Based on her experiences and tenure with Coca-Cola Consolidated, Marshall is aware that Coca-Cola Consolidated's illegal practices were imposed on the Virginia Collective.

91.     The Virginia Collective members were not paid their full overtime premiums on time, if at all, for all overtime hours worked.

92.     The Virginia Collective members were not paid their full wages each regular payday for the work they perfomed for Coca-Cola Consolidated.

93.     These employees are victims of Coca-Cola Consolidated's unlawful compensation practices and are similarly situated to Marshall in terms of the pay provisions and employment practices at issue regarding the Virginia Collective.

94.     The workers in the Virginia Collective were similarly situated within the meaning of the VOWA.

95.     Any differences in job duties do not detract from the fact that these non-exempt workers were entitled to overtime pay under the VOWA

96.     Coca-Cola Consolidated's failure to pay overtime compensation at the rates required by the VOWA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Virginia Collective members.

97.     The workers in the Virginia Collective were similarly situated within the meaning of the VWPL.

98.     Any differences in job duties do not detract from the fact that these workers were entitled to their earned wages on their regular paydays, as required by the VPWL.

99.     Coca-Cola Consolidated's failure to pay wages within the time required under the VPWL result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Virginia Collective members.

100.     The Virginia Collective should be notified of this action and given the chance to join pursuant to Va. State. Ann. § 41.1-29(J).

### CLASS ACTION ALLEGATIONS—NORTH CAROLINA CLASS

101.     Marshall incorporates all other allegations.

102. The illegal practices Coca-Cola Consolidated imposed on Marshall were likewise imposed on the North Carolina Class members.

103. Numerous other individuals who worked for Coca-Cola Consolidated were were not properly compensated for all hours worked, as required by North Carolina law.

104. The North Carolina Class is so numerous that joinder of all members of the class is impracticable.

105. Coca-Cola Consolidated imposed uniform practices and policies on Marshall and the North Carolina Class members regardless of any individualized factors.

106. Based on her experience and tenure with Coca-Cola Consolidated, as well as coverage of the Kronos hack, Marshall is aware that Coca-Cola Consolidated's illegal practices were imposed on the North Carolina Class members.

107. North Carolina Class members were all not paid their proper overtime on time, if at all, when they worked in excess of 40 hours per week.

108. Coca-Cola Consolidated's failure to pay wages and overtime compensation in accordance with North Carolina law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the North Carolina Class members.

109. Marshall's experiences are therefore typical of the experiences of the North Carolina Class members.

110. Marshall has no interest contrary to, or in conflict with, the members of the North Carolina Class. Like each member of the proposed class, Marshall has an interest in obtaining the unpaid wages and other damages owed under the law.

111. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

112. Absent this action, many North Carolina Class members likely will not obtain redress of their injuries and Coca-Cola Consolidated will reap the unjust benefits of violating North Carolina law.

113. Furthermore, even if some of the North Carolina Class members could afford individual litigation against Coca-Cola Consolidated, it would be unduly burdensome to the judicial system.

114. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

115. The questions of law and fact common to each of the North Carolina Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether the North Carolina Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b.    Whether Coca-Cola Consolidated's failure to pay overtime at the rates required by law violated North Carolina's wage and hour laws.

116. Marshall's claims are typical of the North Carolina Class members. Marshall and the North Carolina Class members have all sustained damages arising out of Coca-Cola Consolidated's illegal and uniform employment policies.

117. Marshall knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

118.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**FIRST CAUSE OF ACTION—OVERTIME VIOLATIONS OF THE FLSA AS TO MARSHALL AND THE FLSA COLLECTIVE**

119.    Marshall incorporates all other allegations.

120.    By failing to pay Marshall and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, Coca-Cola Consolidated violated the FLSA. 29 U.S.C. § 207(a).

121.    Coca-Cola Consolidated owes Marshall and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

122.    Likewise, Coca-Cola Consolidated owes Marshall and the FLSA Collective members their agreed-upon rates of pay for all hours worked up to and including 40 each week in which they worked over 40 hours in the week, but were not paid in full for all hours.

123.    Coca-Cola Consolidated knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

124.    Because Coca-Cola Consolidated knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Coca-Cola Consolidated owes these wages for at least the past three years.

125.    Coca-Cola Consolidated's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

126. Because Coca-Cola Consolidated's decision not to pay overtime was not made in good faith, Coca-Cola Consolidated also owes Marshall and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

127. Accordingly, Marshall and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE NCWHA AS TO MARSHALL AND THE NORTH CAROLINA CLASS

128. Marshall incorporates all other allegations.

129. The conduct alleged in this Complaint violates the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*

130. At all relevant times, Coca-Cola Consolidated has been an "employer" within the meaning of the NCWHA. N.C. Gen. Stat. § 95-25.2(5).

131. At all relevant times, Coca-Cola Consolidated employed Marshall and the other North Carolina Class members as "employees" within the meaning of the NCWHA. N.C. Gen. Stat. § 95-25.2(3)-(4).

132. The NCWHA requires an employer like Coca-Cola Consolidated to pay overtime to all non-exempt employees. N.C. Gen. Stat. § 95-25.14.

133. Marshall and the other North Carolina Class members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. N.C. Gen. Stat. § 95-25.4(a).

134. Within the applicable limitations period, Coca-Cola Consolidated had a policy and practice of failing to pay proper overtime to the North Carolina Class members for their hours worked in excess of 40 hours per week.

135. As a result of Coca-Cola Consolidated's failure to pay proper overtime to Marshall and the North Carolina Class members for work performed in excess of 40 hours in a workweek at the time the payments were due, Coca-Cola Consolidated violated the NCWHA.

136. Coca-Cola Consolidated's acts and omissions constituting its violations of the NCWHA were not undertaken in good faith or with reasonable grounds for believing the acts and omissions were not in violation of the NCWHA.

137. Marshall and the North Carolina Class members are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under the NCWHA. N.C. Gen. Stat. § 95-25.22(a)-(b).

### THIRD CAUSE OF ACTION— VIOLATIONS OF THE VOWA AS TO MARSHALL AND THE VIRGINIA COLLECTIVE

138. Marshall incorporates all other allegations.

139. The conduct alleged in this Complaint violates the VOWA, Va. Stat. Ann. § 40.1-29.2.

140. At all relevant times, Coca-Cola Consolidated has been an "employer" within the meaning of the VOWA, Va. Stat. Ann. § 40.1-29.2(A).

141. At all relevant times, Coca-Cola Consolidated employed Marshall and the other Virginia Collective members as "employees" within the meaning of the VOWA, Va. Stat. Ann. § 40.1-29.2(A).

142. The VOWA requires an employer like Coca-Cola Consolidated to pay overtime to all non-exempt employees. Va. Stat. Ann. § 40.1-29.2(B).

143.    Marshall and the other Virginia Collective members are non-exempt employees who are entitled to be paid overtime for all hours worked over 40 in a workweek at a rate of no less than 1.5x their regular rate. Va. Stat. Ann. § 40.1-29.2(B).

144.    Within the applicable limitations period, Coca-Cola Consolidated had a policy and practice of failing to pay proper overtime to the Virgnia Collective members for their hours worked in excess of 40 hours per week.

145.    As a result of Coca-Cola Consolidated's failure to pay proper overtime to Marshall and the Virginia Collective members for work performed in excess of 40 hours in a workweek at the time the payments were due, Coca-Cola Consolidated violated the VOWA.

146.    Because PepsiCo's decision not to pay overtime wages on time and in full was made knowingly, PepsiCo also owes Smith and the Virginia Collective members an amount three times the unpaid wages as liquidated damages. VOWA, Va. Stat. Ann. § 40.1-29(J).

147.    Smith and the Virginia Collective members are entitled to recovery their unpaid wages at 1.5x their regular rates of pay, liquidated damages in an amount equal to 2x the unpaid wages, attorney's fees, costs, interest, and all other legal and equitable relief provided by the VOWA.

### FOURTH CAUSE OF ACTION— VIOLATIONS OF THE VPWL AS TO MARSHALL AND THE VIRGINIA COLLECTIVE

148.    Marshall incorporates all other allegations.

149.    The conduct alleged in this Complaint violates the VPWL, Va. Stat. Ann. § 40.1-29.

150.    At all relevant times, Coca-Cola Consolidated has been an "employer" within the meaning of the VPWL, Va. Stat. Ann. § 40.1-28.9(A).

151.    At all relevant times, Coca-Cola Consolidated employed Marshall and the other Virginia Collective members as "employees" within the meaning of the VPWL, Va. Stat. Ann. § 40.1-28.9(A).

152.    The VPWL requires an employer like Coca-Cola Consolidated to pay the full amount of wages due to each salaried employee at least once each month on regular paydays. Va. Stat. Ann. § 40.1-29(A).

153.    The VPWL requires an employer like Coca-Cola Consolidated to pay the full amount of wages due to each hourly employee at least once even two weeks or twice in each month on regular paydays. Va. Stat. Ann. § 40.1-29(A).

154.    Coca-Cola Consolidated knew it had to pay Marshall and the Virginia Collective members all wages due within the time provided by the VWPL, but did not do so.

155.    Within the applicable limitations period, Coca-Cola Consolidated had a policy and practice of failing to pay all wages due within the time period allowed under the VWPL.

156.    As a result of Coca-Cola Consolidated's failure to timely pay all wages due to Marshall and the Virginia Collective members, Coca-Cola Consolidated violated the VWPL.

157.    Marshall and the Virginia Collective members are entitled to their unpaid wages, liquidated damages of twice the amount of unpaid wages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the VWPL, Va. Stat. Ann. § 40.1-29(G)-(H), (J).

#### JURY DEMAND

158.    Marshall demands a trial by jury on all issues.

#### RELIEF SOUGHT

Marshall prays for judgment against Coca-Cola Consolidated as follows:

a.      For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the North Carolina law claims;

c. For an order certifying a collective action for the Virgina law claims;

d. For an order finding Coca-Cola Consolidated liable for violations of federal wage laws with respect to Marshall and all FLSA Collective members covered by this case;

e. For an order finding Coca-Cola Consolidated liable for violations of North Carolina wage laws with respect to Marshall and all North Carolina Class members covered by this case;

f. For an order finding Coca-Cola Consolidated liable for violations of Virginia wage laws with respect to Marshall and all Virginia Collective members covered by this case;

g. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Marshall and all FLSA Collective members covered by this case;

h. For a judgment awarding all unpaid wages, liquidated damages, and penalties under North Carolina wage laws to Marshall and all North Carolina Class members covered by this case;

i. For a judgment awarding all unpaid wages, liquidated damages, and penalties under Virginia wage laws to Marshall and all Virginia Collective members covered by this case;

j. For an equitable accounting and restitution of wages due to Marshall and all FLSA Collective, North Carolina Class, and Virginia Collective members members covered by this case;

k. For a judgment awarding attorneys' fees to Marshall and all FLSA Collective, North Carolina Class, and Virginia Collective members covered by this case;

l. For a judgment awarding costs of this action to Marshall and all FLSA Collective, North Carolina Class, and Virginia Collective members covered by this case;

m. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Marshall and all FLSA Collective, North Carolina Class, and Virginia Collective members covered by this case; and

n. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Kimberly De Arcangelis, Esq.**
Florida Bar No.: 0025871
(*seeking admission pro hac vice*)
**MORGAN & MORGAN, P.A.**
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone:    (407) 420-1414
Facsimile:    (407) 867-4791
Email:        rmorgan@forthepeople.com
              kimd@forthepeople.com

**Attorneys for Plaintiffs**

*/s/ Adam A. Smith*

By: _____

**Adam A. Smith, Esq.**
NC Bar No.: 31798
**RIDDLE & BRANTLEY, LLP**
PO Box 11050
Goldsboro, NC 27532
Telephone:    (919) 778-9700
Facsimile:    (919) 432-1751
Email: AAS@justicecounts.com

**Local Civil Rule 83.1(d) Counsel**

**On this 13th of May, 2022.**