**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:22-cv-00214-RJC-SCR**

| | |
|---|---|
| **TAITUM MARSHALL,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **COCA-COLA CONSOLIDATED INC.,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Settlement Agreement (Doc. No. 17). Plaintiff asks the Court to preliminarily approve the Settlement Agreement that has been negotiated in this case. Because the Settlement Agreement satisfies the standard for preliminary approval, the Court **GRANTS** the motion and orders as follows:

1. The Court hereby preliminarily approves the Class and Collective Action Settlement Agreement (the "Settlement") attached as Exhibit A to Plaintiff's Motion for Preliminary Approval. This is based on the Court's determination that, pursuant to applicable law, the Settlement is fair and reasonable and within the range of possible final approval.

2. This Order incorporates by reference the definitions in the Settlement, and all terms defined herein shall have the same meaning in this Order as set forth in the Settlement.

3. It appears to the Court on a preliminary basis that the settlement amount and terms of the Settlement are fair, adequate and reasonable as to all potential Settlement Class and Settlement Collective Members when balanced against the probable outcome of further litigation and the significant risks relating to certification, liability and damages for all

parties. It further appears that investigation and research have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by further prosecution of the Litigation. Based on the submitted materials, it appears that the Settlement has been reached as a result of serious and non-collusive, arms-length negotiations, with both sides represented by experienced counsel familiar with the applicable facts and law. Additionally, the proposed Settlement was reached after: (1) extensive informal discovery, including exchanging documents and business records, and (2) a full-day mediation with an experienced mediator. Thus, the Court preliminarily finds that the Settlement is fair, adequate, and reasonable when balanced against the probable outcome of further litigation and the significant risks and delays associated therewith.

4. The Settlement specifies for Plaintiff's attorneys' fees not to exceed 40% of the Gross Settlement Amount, an award of litigation expenses incurred, and a proposed payment to the Named Plaintiff in exchange for a general release. The Court will review these issues in more detail in connection with the Final Approval Hearing.

5. Accordingly, for settlement purposes, the Court certifies the following Settlement Class:

> All current and former non-exempt employees employed by Defendant or its subsidiaries in North Carolina during the time period from November 28, 2021 through February 6, 2022, who were impacted by the Kronos Outage. For purposes of this Agreement, an employee was impacted by the Kronos Outage if that employee received inaccurate compensation at any time during the Kronos Outage regardless of whether that employee's

compensation paid during the Kronos Outage as compared to compensation owed from the Kronos Outage time period resulted in a net overpayment or net underpayment to that employee.

6. For settlement purposes only, the Court concludes that the Settlement Class preliminarily meets the requirements for Rule 23 certification. The Settlement Class is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Pending the outcome of the final fairness hearing, all members of the Settlement Class are preliminarily enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, this Litigation.

7. In addition, a FLSA Collective Action is further conditionally certified for settlement purposes only under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b) for a group of allegedly similarly situated individuals consisting of:

> All current and former non-exempt employees employed by Defendant or its subsidiaries in the United States during the time period from November 28, 2021 through February 6, 2022, who were impacted by the Kronos Outage. For purposes of this Agreement, an employee was impacted by the Kronos Outage if that employee received inaccurate compensation at any time during the Kronos Outage, regardless of whether that employee's compensation paid during the Kronos Outage as compared to compensation owed from the Kronos Outage time period resulted in a net overpayment or net underpayment to that employee.

8. The Parties' proposed resolution of FLSA claims as set forth in the Settlement Agreement is preliminarily approved as it was reached as a result of contested litigation to resolve a

3

Case 3:22-cv-00214-RJC-SCR   Document 22   Filed 06/27/23   Page 3 of 6

bona fide dispute. The Court further finds that the proposed FLSA settlement is within the range of possible final approval.

9. The Court provisionally appoints Matthew Parmet of Parmet, PC, and Kimberly De Arcangelis of Morgan & Morgan, P.A. as Class Counsel.

10. The Court preliminarily appoints Taitum Marshall as Settlement Class Representative.

11. The Court appoints Atticus Administration, LLC as the Settlement Administrator.

12. The Parties are authorized to send notice of the proposed settlement pursuant to 29 U.S.C. § 216(b) and Rule 23 to all Settlement Class and Collective Action members. Notice shall be sent in accordance with the procedures set forth in the Parties' Settlement Agreement.

13. The Court approves, as to form and content, the proposed notices attached to the Settlement Agreement as Exhibit A. The Court finds that the procedures for notifying the members of the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of North Carolina, and other applicable laws. The notices are accurate, objective, and informative and provide members of the Settlement Class and Collective with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

14. The deadline for Settlement Class Members to opt out of this Settlement or to file objections and/or comments to the Settlement Agreement shall be forty-five (45) days after the Notice of Settlement is initially mailed. Objections shall only be considered if the

4

Case 3:22-cv-00214-RJC-SCR   Document 22   Filed 06/27/23   Page 4 of 6

Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the person's intention to appear at the Final Approval Hearing has been mailed to the Settlement Administrator on or before the Objection and Opt-Out Deadline. The postmark date shall be the exclusive means for determining that an objection is timely.

15. A Final Approval Hearing shall be held before this Court on October 17, 2023 at 11 a.m. in the United States District Court for the Western District of North Carolina, 401 W. Trade St., Charlotte, NC 28202, Courtroom 4A. At the hearing, the Court will hear arguments concerning whether the proposed settlement is fair, adequate and reasonable and should be finally approved by the Court. The Court will further consider whether to approve Plaintiff's attorneys' fees and costs, the payment to the Named Plaintiff in exchange for a general release, and the expenses of the Settlement Administrator. All papers in support of final approval and Plaintiff's unopposed motion for attorneys' fees, costs, and a payment to the Named Plaintiff shall be filed with the Court no later than 14 days in advance of the Final Approval hearing.

16. The Court reserves the right to adjourn or continue to the date of the Final Approval Hearing and all dates provided for in the Agreement without further notice to Settlement Class or Settlement Collective members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Signed: June 27, 2023

Robert J. Conrad, Jr.
United States District Judge

6

Case 3:22-cv-00214-RJC-SCR    Document 22    Filed 06/27/23    Page 6 of 6