UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00214-RJC-SCR

| | |
|---|---|
| TAITUM MARSHALL, *individually and on behalf of all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COCA-COLA CONSOLIDATED INC., | ) ) |
| Defendant. | ) ) ) |

## ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT AND PLAINTIFF'S UNOPPOSED MOTION TO APPROVE ATTORNEYS' FEES AND COSTS

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement, (Doc. No. 23), and Plaintiff's Unopposed Motion To Approve Attorneys' Fees And Costs, (Doc. No. 25) ("Motions"). The Court conducted a hearing on October 17, 2023, on both Motions. Having considered both Unopposed Motions, the record in this case, the argument of counsel, and the lack of any objectors, the Court will grant both Motions.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement, (Doc. No. 23), is **GRANTED** and that Plaintiff's Unopposed Motion to Approve Attorneys' Fees and Costs, (Doc. No. 25), is **GRANTED**. The Court **ORDERS**:

1

1. That the following class is finally certified pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only:

> **All current and former non-exempt employees employed by Defendant or its subsidiaries in North Carolina during the time period from November 28, 2021, through February 6, 2022, who were impacted by the Kronos Outage.**

2. That the following collective is finally certified pursuant to 29 U.S.C. § 216 (b) for settlement purposes only:

> **All current and former non-exempt employees employed by Defendant or its subsidiaries in the United States during the time period from November 28, 2021, through February 6, 2022, who were impacted by the Kronos Outage.**

3. The Court approves the Settlement Agreement as a fair, reasonable, and adequate compromise of the Parties' disputes under North Carolina law and the Fair Labor Standards Act, and approves the release of claims as set forth in the Settlement Agreement;

4. The Court finds that Defendant complied with all of its obligations pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), with respect to this class action settlement and as shown by the Declaration of Bryn Bridley on behalf of class-action administrator Atticus Administration, LLC;

5. The Court approves of the proposed distribution of the Net Settlement Amount, as defined in the Settlement Agreement, to Plaintiff and Class and Collective Members;

6. The Court approves the service payment in exchange for a general release to Plaintiff Taitum Marshall in the amount of $5,000.00;

7. The Court approves the payment of the actual costs of the Settlement Claims Administrator in the amount set forth in the Unopposed Motion for Final Approval;

8. The Court approves the payment of attorneys' fees to Class Counsel and reimbursement of Class Counsel's actual costs and litigation expenses in the amounts set forth in the Settlement Agreement and Unopposed Motion to Approve Attorneys' Fees and Costs;

9. The Court directs the Settlement Funds to be distributed in accordance with the terms of the Settlement Agreement;

10. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendant of the validity of any liability or wrongdoing or of any violation of law. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related thereto;

11. Following the expiration of the Acceptance Period (as defined in the Settlement Agreement), the Settlement Administrator shall file a declaration with the Court attaching a list of all Settlement Collective Members who negotiated Settlement Checks, which shall serve as notice of consents under 29 U.S.C. §216(b);

12. Without affecting the finality of this Order, the Court shall retain jurisdiction for the limited purpose of the filing of the opt-in list following the close of the check Acceptance Period. Once that list is filed, this matter shall be dismissed

3

Case 3:22-cv-00214-RJC-SCR   Document 27   Filed 10/18/23   Page 3 of 4

with prejudice in all respects in accordance with the terms of the Settlement Agreement and the matter closed;

13. Except as specifically set forth in Paragraph 12, this case is hereby dismissed with prejudice in accordance with the terms of the Settlement Agreement.

**SO ORDERED.**

Signed: October 17, 2023

*/s/ Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge